ORIGINAL

IN THE UNITED STATES FEDERAL COURT of CLAIMS

E. HAFFNER FOURNIER and JOANNE D. FOURNIER §
§
JOAN HEARLEY, INDIVIDUALLY and as TRUSTEE of the HEARLEY FAMILY TRUST §
§
KEVIN P. REGAN and SHARON M. REGAN §
§
ROBERT L. SPERLING and DARLENE J. SPERLING §
§
JEFFREY STRUIKSMA and CYNTHIA STRUIKSMA §
§
Plaintiffs, §
§
v. §
§
UNITED STATES OF AMERICA §
§
Defendant. §

FILED
DEC 2 9 2006
U.S. COURT OF FEDERAL CLAIMS

06-933 T

CIVIL __________

JUDGE

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs, E. Haffner Fournier and Joanne D. Fournier, Joan Hearley, Individually and as Trustee of the Hearley Family Trust, Kevin P. Regan and Sharon M. Regan, Robert L. Sperling and Darlene J. Sperling, Jeffrey Struiksma and Cynthia Struiksma (collectively "Plaintiffs") are citizens of the United States of America.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6621(c), and 6404(e)(1) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a)(1) of the United States Code.

FOURNIER
COUNT ONE
(Calendar Year 1986)

5. E. Haffner Fournier and Joanne D. Fournier (the "Fourniers") live at 10 Bonny Ln., North Andover, MA, 01845.

6. E. Haffner Fournier and Joanne D. Fournier filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-3138 and XXX-XX-6488, respectively.

7. E. Haffner Fournier was a limited partner in Coachella Fruit Growers, ("CFG"), a California limited partnership.

8. A dispute arose between the IRS and CFG as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

9. The Tax Matters Partner for CFG and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

10. On July 22, 2002, the IRS assessed tax liability of $39,205.00 against the Fourniers for 1986 based upon that Tax Court decision. On the same day, the IRS also assessed interest and §6621(c) penalty interest of $158,572.54 against the Fourniers for 1986. On September 9, 2002, the IRS assessed additional interest of $1,916.00. On March 31, 2002, the IRS assessed additional interest of $3,533.63.

11. The Fourniers made an advance remittance of $39,205.00 tot heir 1986 tax account on July 22, 2002. On December 23, 2002, the Fourniers paid the balance of the July, 2002 assessments.

12. On September 30, 2004, the Fourniers filed with the IRS a claim for refund of $122,253.15 for the §6621(c) penalty interest and a portion of the interest assessed and paid for 1986.

13. As grounds for recovery, the Fourniers restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

B. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to

partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

C. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

D. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

E. The recomputation of interest must take into account the doctrine in *Avon Products v. C.I.R.*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by

the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

F. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first

contacted the tax matters partners in writing with regard to the civil partnership level return examination.

G. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

14. Over six (6) months have elapsed since the Fourniers filed their original claims for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

15. The Fourniers are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

HEARLEY
COUNT ONE
(Calendar Year 1984)

16. Joan Hearley lives at 3912 Forest Glen Dr., La Crescenta, CA, 91214.

17. Joan Hearley and John M. Hearley, her deceased husband, filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7549 and XXX-XX-0538, respectively. John M. Hearley died in 2002 and his estate passed to the Hearley Family Trust. Joan Hearley is the Trustee of that Trust.

18. For 1984, John M. Hearley was a limited partner in Agri-Venture II ("AV2"), a California limited partnership.

19. AV2 timely filed its Form 1065, partnership tax return, for 1984.

20. A dispute arose between the IRS and AV2 as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

21. The Tax Matters Partner for AV2 and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

22. On September 9, 2002, the IRS assessed tax liability of $19,716.00 against the Hearleys for 1984 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $105,759.81 against the Hearleys for 1984.

23. On April 17, 2002, the Hearleys made an advance remittance of $125,809.00 to their 1984 tax account, which the IRS applied to the September, 2002 assessments and which paid the assessments in full.

24. On August 18, 2004, the Hearleys filed with the IRS claims for refund of tax of $19,716.00, and $105,759.81 for the interest and §6621(c) penalty interest assessed and paid for 1984.

25. As grounds for recovery, the Hearleys restate and incorporate by reference the averments set forth in the Explanation to their refund claims for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and

*Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In addition and in the alternative, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate

to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States,* 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products v. C.I.R.*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by

the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first

contacted the tax matters partners in writing with regard to the civil partnership level return examination.

l. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

26. Over six (6) months have elapsed since the Hearleys filed their original claims for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

27. The Hearleys are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

HEARLEY
COUNT TWO
(Calendar Year 1985)

28. Joan Hearley lives at 3912 Forest Glen Dr., La Crescenta, CA, 91214.

29. Joan Hearley and John M. Hearley, her deceased husband, filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7549 and XXX-XX-0538, respectively. John M. Hearley died in 2002 and his estate passed to the Hearley Family Trust. Joan Hearley is the Trustee of that Trust.

30. For 1985, John M. Hearley was a limited partner in Desert Highland Vineyards ("DHV"), a California limited partnership.

31. DHV timely filed its Form 1065, partnership tax return, for 1985.

32. A dispute arose between the IRS and DHV as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

33. The Tax Matters Partner for DHV and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

34. On September 9, 2002, the IRS assessed tax liability of $10,854.00 against the Hearleys for 1985 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $48,480.60 against the Hearleys for 1985.

35. On April 17, 2002, the Hearleys made an advance remittance of $61,622.00 to their 1985 tax account, which the IRS applied to the September, 2002 assessments and which paid the assessments in full.

36. On August 18, 2004, the Hearleys filed with the IRS claims for refund of tax of $10,854.00, and $48,480.60 for the interest and §6621(c) penalty interest assessed and paid for 1985.

37. As grounds for recovery, the Hearleys restate and incorporate by reference the averments set forth in the Explanation to their refund claims for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must

be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In addition and in the alternative, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court

decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products v. C.I.R.*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by

the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first

contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

38. Over six (6) months have elapsed since the Hearleys filed their original claims for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

39. The Hearleys are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

HEARLEY
COUNT THREE
(Calendar Year 1986)

40. Joan Hearley lives at 3912 Forest Glen Dr., La Crescenta, CA, 91214.

41. Joan Hearley and John M. Hearley, her deceased husband, filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7549 and XXX-XX-0538, respectively. John M. Hearley died in 2002 and his estate passed to the Hearley Family Trust. Joan Hearley is the Trustee of that Trust.

42. For 1986, John M. Hearley was a limited partner in Coachella Fruit Growers ("CFG") and Rancho California Partners II ("RCP2"), both of which were California limited partnerships.

43. A dispute arose between the IRS and CFG and RCP2 as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' returns.

44. The Tax Matters Partner for CFG and RCP2 and the IRS filed an agreed decision with respect to those partnership items in those Tax Court actions.

45. On September 9, 2002, the IRS assessed tax liability of $28,058.00 against the Hearleys for 1986 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $110,212.52 against the Hearleys for 1986.

46. On April 17, 2002, the Hearleys made an advance remittance of $140,269.00 to their 1986 tax account, which the IRS applied to the September, 2002 assessments and which paid the assessments in full.

47. On August 18, 2004, the Hearleys filed with the IRS claims for refund of $69,692.25 for the §6621(c) penalty interest and a portion of the standard interest assessed and paid for 1986.

48. As grounds for recovery, the Hearleys restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

B. In addition and in the alternative, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by

the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

C. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

D. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

E. The recomputation of interest must take into account the doctrine in *Avon Products v. C.I.R.*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

F. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which

constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

G. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

49. Over six (6) months have elapsed since the Hearleys filed their original claims for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

50. The Hearleys are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

REGAN
COUNT ONE
(Calendar Year 1986)

51. Kevin P. Regan and Sharon M. Regan (the "Regans") live at 112 Delaware Ln., Franklin Lakes, NJ, 07417.

52. Kevin P. Regan and Sharon M. Regan filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-1400 and XXX-XX-7626, respectively.

53. Kevin P. Regan was a limited partner in Coachella Fruit Growers ("CFG"), Rancho California Partners ("RCP"), and Rancho Madera Partners ("RMP"), all of which were California limited partnerships.

54. A dispute arose between the IRS and CFG, RCP, and RMP as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' returns.

55. The Tax Matters Partner for CFG, RCP, and RMP and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

56. On August 5, 2002, the IRS assessed tax liability of $17,169.00 against the Regans for 1986 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $62,185.68 against the Regans for 1986.

57. On December 31, 2001, the Regans made an advance remittance of $120,000.00 to their 1986 tax account. The IRS applied that remittance to the August, 2002 assessments and refunded the remaining balance to the Regans.

58. On July 30, 2004, the Regans filed with the IRS a claim for refund of $41,477.37 for the §6621(c) penalty interest and a portion of the interest assessed and paid for 1986. On July 25, 2006, the Regans filed a supplemental claim for refund of tax of $3,161.00 and for refund of $55,731.58 for the §6621(c) penalty interest and a portion of the interest assessed and paid for 1986.

59. As grounds for recovery, the Regans restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The claim is for a partial refund of the tax paid and the portion of the interest relevant to that overpayment is based on the fact that the assessment made by the IRS on July 26, 2004

erroneously disallowed an excess portion of the deductions claimed by the taxpayers from RMP based on the Tax Court's Decision upon which the assessment was based. There is no basis in law which permits the IRS to elect to adjust the taxpayers' deductions from RMP by more than their distributive share of the adjustments determined by the court. Therefore, the adjustments to taxable income were overstated by $4,441.00 and the net tax liability was overstated by $2,161.00 when the liability was assessed in 2002 and then again when it was reassessed in 2004 after the 2002 assessment having been abated because of being a premature assessment in 2002.

B. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

C. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

D. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

F. The recomputation of interest must take into account the doctrine in *Avon Products v. C.I.R.*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

G. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens,

Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

H. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date

of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

60. Over six (6) months have elapsed since the Regans filed their original claims for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

61. The Regans are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

SPERLING
COUNT ONE
(Calendar Year 1984)

62. Robert L. Sperling and Darlene J. Sperling (the "Sperlings") live at 4811 Cliff Dr., Rapid City, SD, 57702.

63. Robert L. Sperling and Darlene J. Sperling filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-2120 and XXX-XX-8153, respectively.

64. Robert L. Sperling was a limited partner in Agri-Venture II ("AV2"), a California limited partnership.

65. AV2 timely filed its Form 1065, partnership tax return, for 1984.

66. A dispute arose between the IRS and AV2 as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

67. The Tax Matters Partner for AV2 and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

68. On August 19, 2002, the IRS assessed tax liability of $5,710.00 against the Sperlings for 1984 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $31,716.60 against the Sperlings for 1984.

69. The Sperlings made an advance remittance of $45,820.00 to their 1984 tax account, which the IRS applied to the August, 2002 assessments. The Sperlings paid remaining balance of the assessments in full on August 19, 2002.

70. On July 19, 2004, the Sperlings filed with the IRS claims for refund of tax of $5,710.00, and $31,716.60 for the interest and §6621(c) penalty interest assessed and paid for 1984

71. As grounds for recovery, the Sperlings restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor



R:\DOCS\TAXCONT.T\twwed276.am1.wpd

an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In addition and in the alternative, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no

agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products v. C.I.R.*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

72. Over six (6) months have elapsed since the Sperlings filed their original claims for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

73. The Sperlings are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

STRUIKSMA
COUNT ONE
(Calendar Year 1986)

74. Jeffrey Struiksma and Cynthia Struiksma (the "Struiksmas") live at 18318 Summer Ave., Artesia, CA 90701.

75. Jeffrey Struiksma and Cynthia Struiksma filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-3247 and XXX-XX-4624, respectively.

76. Jeffrey Struiksma was a limited partner in Crop Associates - 1986 (CA86) and Vista-Ag Realty Partners ("VARP"), both of which were California limited partnerships.

77. A dispute arose between the IRS and CA86 and VARP as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' returns.

78. The Tax Matters Partner for CA86 and VARP and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

79. On September 16, 2002, the IRS assessed tax liability of $1,605.00 against the Struiksmas for 1986 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $6,556.37 against the Struiksmas for 1986.

80. The Struiksmas paid the assessments in full on October 4, 2002.

81. On September 27, 2004, the Struiksmas filed with the IRS a claim for refund of $4,237.70 for the §6621(c) penalty interest and a portion of the interest assessed and paid for 1986.

82. As grounds for recovery, the Struiksmas restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

B. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that

the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

C. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

D. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

E. The recomputation of interest must take into account the doctrine in *Avon Products v. C.I.R.*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

F. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

G. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

83. Over six (6) months have elapsed since the Struiksmas filed their original claims for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

84. The Struiksmas are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs e. Haffner Fournier and Joanne D. Fournier pray for judgment against the Defendant the United States of America in the amount of $122,253.15, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiff Joan Hearley, Individually and as Trustee of the Hearley Family Trust, prays for judgment against the Defendant the United States of America in the amount of $254,502.66, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Kevin P. Regan and Sharon M. Regan pray for judgment against the Defendant the United States of America in the amount of $41,477.37, or alternatively for 57,892.58, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Robert L. Sperling and Darlene J. Sperling pray for judgment against the Defendant the United States of America in the amount of $37,426.60, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Jeffrey Struiksma and Cynthia Struiksma pray for judgment against the Defendant the United States of America in the amount of $4,237.70, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)