IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-933 T

(Judge Lawrence J. Block)

E. HAFFNER FOURNIER, ET AL.,

Plaintiffs

v.

UNITED STATES,

Defendant

**PLAINTIFFS' MOTION TO VACATE JUDGMENT**

On April 18, 2008, the Court entered judgment in 77 cases, including this one, based on its Opinion and Order at *Prati, et. al v. United States*, — Fed.Cl. —, 2008 WL 1777380, April 16, 2008 (No. 02-60T). In each case the judgment states that "all claims by the plaintiffs are dismissed for lack of jurisdiction." See document no. 6. In light of *Prati*, this may be appropriate for most of the 77 cases it is not appropriate in this case. Here the plaintiffs have at least one cause of action which was not and could not be resolved by the *Prati* opinion. Therefore, pursuant to RCFC 59 the plaintiffs request that the judgment in this case be vacated and either (i) the case be stayed pending the outcome on appeal of the *Prati* opinion, if an appeal is filed, and the appeal of *Keener v. United States*, 76 Fed.Cl. 455 (2007), currently before the Federal Circuit at docket no. 2008-5004, or (ii) the plaintiffs be allowed to pursue their cause(s) of action not subject to the holdings in the *Prati* opinion.

On April 30, 2008, the Pratis filed in their case a motion for reconsideration of the *Prati* opinion. See document no. 89 in docket no. 02-60T. The Pratis requested that their motion be deemed as filed in all 77 cases, including this one. It is the plaintiffs understanding that that portion

of the Pratis' motion will be granted.[1] The Pratis also requested that the Court reconsider its holdings in the *Prati* opinion. In the alternative, the Pratis requested that all 77 judgments, including the Pratis' and the plaintiffs' here, be vacated and the cases stayed pending the outcome of the *Keener* appeal. If this alternative relief is granted then this motion at bar becomes moot.

As a second alternative, the Pratis requested that where the *Prati* opinion resolved all remaining issues in any of the 77 cases that in those cases the judgments be vacated, the cases consolidated, and the judgments re-entered to allow for a single consolidated appeal. This second alternative relief requested by the Pratis does not apply here because the *Prati* opinion did not resolve all of the remaining issues in this case.

All 77 cases address issues arising from partnerships in the AMCOR partnership group. In general, they involve tax years 1984, 1985, and 1986, as applicable, and address three issues summarized as §6229(a) limitations (1984 and 1985 only), §6621(c) penalty interest, and §6404 interest abatement. Relying on *Keener*, the *Prati* opinion held that this Court does not have jurisdiction to address the §6229(a) limitations and §6621(c) penalty interest issues. The United States Supreme Court has held that this Court does not have jurisdiction to address the §6404 abatement claims.[2] Therefore, by resolving the §6229(a) and §6621(c) issues the *Prati* opinion resolved all issues in most, but not all, of the 77 cases. In a small number of those cases the partner also pled issues arising from his individual circumstances. For example, where a partner pled a limitations defense to assessment for tax year 1986 it was not based on §6229(a) but on some other limitations period (*e.g.* §6229(f)). In those few cases judgment based on the *Prati* opinion is inappropriate and those judgments should be vacated.

---

1 The same counsel represents all plaintiffs in all 77 cases.

2 *Hinck v. United States*, — U.S. —, 127 S.Ct. 2011, 167 L.Ed.2d 888 (2007), *aff'g* 446 F.3d 1307 (Fed.Cir.2006).

Here the tax year for plaintiffs Kevin P. and Sharon M. Regan is 1986. But in addition to their §6621(c) and §6404 claims those plaintiffs also pled an issue specific to themselves: that the IRS erroneously disallowed their 1986 deductions by more than their distributive share of the adjustments determined under the partnership-level Tax Court decision. See ¶ 59.A of the plaintiffs' complaint. This issue was not, and could not have been, resolved by either *Keener* or the *Prati* opinion; therefore, the judgment entered in this case was inappropriate and should be vacated.

In this case, after the judgment is vacated judicial economy would best be served by staying this case pending the outcome of the *Keener* appeal and the *Prati* appeal, if any. If the Keeners and/or Pratis are ultimately successful on the §6621(c) penalty interest issue it is possible the plaintiffs here may choose to simply accept that relief and not pursue their individual-specific claims. Should the Court choose not to stay the case then an appropriate scheduling order should be issued regarding the remaining issues.

WHEREFORE, plaintiffs request that the judgment in this case be vacated and either (i) the case be stayed pending the outcome on appeal of *Keener* and the appeal of the *Prati* opinion, if any, or (ii) the plaintiffs be allowed to pursue their cause(s) of action not subject to the holdings in the *Prati* opinion.

Respectfully submitted,

May 2, 2008
Date

s/Thomas E. Redding

THOMAS E. REDDING
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (facsimile)
Attorney for Plaintiff